1   MELANIE D. MORGAN, ESQ.
    Nevada Bar No. 8215
2   REX D. GARNER, ESQ.
    Nevada Bar No. 9401
3   AKERMAN LLP
    1160 Town Center Drive, Suite 330
4   Las Vegas, NV 89144
    Telephone: (702) 634-5000
5   Facsimile: (702) 380-8572
    Email: melanie.morgan@akerman.com
6   Email: rex.garner@akerman.com

7   *Attorneys for Plaintiff The Bank of New
    York Mellon f/k/a The Bank of New York, as
8   Trustee for the holders of the Certificates,
    First Horizon Mortgage Pass-Through
9   Certificates Series FHASI 2005-AR5*

10              **UNITED STATES DISTRICT COURT**

11                   **DISTRICT OF NEVADA**

12  THE BANK OF NEW YORK MELLON F/K/A       Case No.: 2:16-cv-02568-RFB-VCF
    THE BANK OF NEW YORK, AS TRUSTEE
13  FOR THE HOLDERS OF THE CERTIFICATES,
    FIRST HORIZON MORTGAGE PASS-           **RESPONSE TO COURT'S ORDER DATED**
14  THROUGH CERTIFICATES SERIES FHASI      **FEBRUARY 28, 2017 [ECF NO. 17] AND**
    2005-AR5                               **REQUEST FOR EXTENSION OF TIME**
15                                         **FOR ACCOMPLISHED SERVICE**
                    Plaintiff,
16  v.

17  TRACCIA COMMUNITY ASSOCIATION;
    PREMIER ONE HOLDINGS, INC.;
18  YUANYUAN ZHU; AND NEVADA
    ASSOCIATION SERVICES, INC.,
19
                    Defendants.
20

21

22          The Court issued an order on February 28, 2017 regarding its intention to dismiss pursuant to

23  Rule 4(m). As shown in ECF Nos. 18–20, Nationstar has accomplished service on defendants Premier

24  One Holdings, Inc.; Yuanyuan Zhu; and Nevada Association Services, Inc., although not within the

25  90-day limit of newly amended Rule 4. Therefore, although defendant has now been served, the Bank

26  of New York Mellon requests a retroactive extension of 45 days to accomplish service.

27          Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*,

28  473 F.3d 1038, 1041(9th Cir. 2003). The U.S. Supreme Court has stated that the time period for

                                        1

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

**AKERMAN LLP**
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

1  service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an

2  irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661 (1996). "On its face, Rule

3  4(m) does not tie the hands of the district court after the 120-day period has expired. Rather, Rule 4(m)

4  explicitly permits a district court to grant an extension of time to serve the complaint after that 120-day

5  period." *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). Moreover, the Advisory

6  Committee Notes to Rule 4(m) state that the rule "explicitly provides that the court shall allow

7  additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120

8  days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule

9  4(m)] even if there is no good cause shown." *See* Fed. R. Civ. P. 4(m), Advisory Committee Notes,

10  1993 Amendments.

11  Rule 4 provides for court discretion in its enforcement, providing that a court may "order that

12  service be made within a specified time," even if that time exceeds the recently amended 90-day time

13  frame for service. All Defendants have now been served, and most were served within the 120-day

14  time limit of former Rule 4. Plaintiff believes no prejudice has or will result from the delay in service.

15  For these reasons, Plaintiff respectfully requests the Court exercise its discretion and permit the

16  service now accomplished on defendants Premier One Holdings, Inc.; Yuanyuan Zhu; and Nevada

17  Association Services, Inc.

18  DATED March 29, 2017.

19  **AKERMAN LLP**

20  **IT IS ORDERED** that, as no response

21  has been filed, and the time for filing a
   response has expired, the motion is
22  **GRANTED**.

/s/ Rex D. Garner
MELANIE D.MORGAN, ESQ.
Nevada Bar No. 8215
REX D. GARNER, ESQ.

23  Dated: April 26, 2017
   Nevada Bar No. 9401
   1160 Town Center Drive, Suite 330
24  Las Vegas, Nevada 89144

25

26  _____
   Peggy A. Leen
27  United States Magistrate Judge

*Attorneys for Plaintiff The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the holders of the Certificates, First Horizon Mortgage Pass-Through Certificates Series FHASI 2005-AR5*

28

2

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 29th day of March, 2017, service of the foregoing **RESPONSE TO COURT'S ORDER DATED FEBRUARY 28, 2017 [ECF NO. 17] AND REQUEST FOR EXTENSION OF TIME FOR ACCOMPLISHED SERVICE** was made pursuant to FRCP 5(b) and electronically transmitted to the Clerk's Office using the CM/ECF system for filing and transmittal to all interested parties.

/s/ Michael Hannon
An employee of AKERMAN LLP

**AKERMAN LLP**
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

3